IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDY HARPER,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFIRST CORPORATION, EFC HOLDINGS, RTL FINANCIAL, HOMEQ SERVICING, and SELENE FINANCE, LP,<br><br>Defendants. | Civil Action No. 1:08-CV-3905-JEC-CCH |

## DEFENDANTS EQUIFIRST CORPORATION AND EFC HOLDING COMPANY'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendants EquiFirst Corporation and EFC Holding Company, improperly named in this suit as EFC Holdings, (collectively "EquiFirst") request that Plaintiff Judy Harper answer fully and under oath the following Interrogatories within thirty (30) days of service.

### INSTRUCTIONS

1. Please answer each Interrogatory separately and fully. If for any reason you cannot answer any Interrogatory or part thereof in full, please answer to

the extent possible, and state the reasons for your inability to provide a complete answer. If you cannot provide the exact information requested, please provide your best approximation of the information requested. If you cannot provide all of the information requested in any Interrogatory because such information is not yet fully developed or cannot be ascertained at this time, please answer such Interrogatory with all of the information currently available, and specifically indicate that additional responses will later be developed and provided.

2. In responding to these Interrogatories, please furnish all information available to you. In addition, please furnish all information available to persons acting on your behalf, including, but not limited to agents, representatives, and consultants.

3. If you object to any part of these Interrogatories and refuse to answer, please state your objection(s) and answer the remaining portion of that particular Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer for that scope or time period, please state your objection and answer the Interrogatory for the scope or time period that you believe is appropriate.

4. Whenever a date, amount, computation, or figure is requested, please state the exact date, amount, computation, or figure unless it is unknown. If such

information is unknown, please state as such and provide the approximate or best estimate for that date, amount, computation, or figure.

5. If you produce business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure in lieu of answering any Interrogatory, please specify in writing the business records from which the answer to the Interrogatory can be derived or ascertained in response to the Interrogatory.

6. These Interrogatories are continuing to the extent provided by the Federal Rules of Civil Procedure.

## DEFINITIONS

When used in these Interrogatories, the following words shall apply:

1. "Plaintiff," "You" or "Your" shall mean and refer to Plaintiff Judy Harper as well as her agents, attorneys, and any other persons purporting to act on her behalf.

2. "EquiFirst" shall mean and refer to EquiFirst Corporation and EFC Holding Company as well as their officials, employees, agents, representatives, affiliates, parents, and subsidiaries.

3. The "Subject Property" shall mean and refer to the real property located at 2982 Duke of Windsor, East Point, Georgia 30344.

4.  The "Subject Loan" shall mean and refer to the home loan that Plaintiff obtained from EquiFirst on or about July 6, 2007 for the refinance of the Subject Property and that is referenced in the Amended Complaint.

5.  The term "document" means any written, printed, typed, recorded, filmed or other graphic matter of any kind or nature however written or produced, by hand or reproduced by any process, and whether or not claimed to be privileged against discovery by any ground, and whether an original master or copy, including, but not limited to: agreements, correspondence, telexes, faxes, cablegrams, radiograms and telegrams; tape recordings and/or transcripts of the same, notes and memoranda (including internal memoranda), summaries and recordings; records, ledgers, contracts, bills, invoices, bills of lading, inventories, financial data, wills, other writings, formal or informal in nature, accounting and financial records, diaries, statements, work papers and accountant work papers, paper and magnetic tapes, charts, printouts, electronically or magnetically stored information or data, minutes, publications, calendars, telephone pads, bulletins, directives, logs and listings, real estate valuations or appraisals, and any other information containing paper, writing or physical things, in the possession, custody and/or control of Plaintiff, her agents or attorneys, and all drafts, notes or preparatory material concerned with said documents where such copy contained

any commentary, notation or other change whatsoever that does not appear in the original or other copy of the document produced. The term "document" includes any electronically created or stored information as well as any summary of a document or documents called for hereinafter and any computer program, directory, file, database, or software application, generated, produced, or stored by computer or other data processing and/or data generating machinery.

6. "Pertain" or "pertaining" means evidencing, memorializing, referring to, constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, or otherwise relating to or regarding in any way, in whole or in part, the subject matter referred to in the Interrogatory.

7. "Identify" (including, with correlative meaning, the terms "identification" and "identity") as used herein and referenced to:

(a) A natural individual, means to state, to the extent known, his or her: (1) full name and any known aliases or nicknames; (2) present (or last known) home and business address and telephone number; (3) present (or last known) occupation, employer, and job title; and (4) employer address and job title at the time of the events, transactions, or occurrences to which the response relates.

(b) A person other than a natural individual, means to state to the extent known, the: (1) full name; (2) present or last known address; (3) places of business at the present time and at all times relevant to the response involved; and (4) identity of the persons who acted on behalf of such entity with respect to the subject matter of the response.

(c) A document or a written communication (including correspondence), means to state to the extent known, the: (1) description of the type of document (e.g., letter, handwritten notes, etc.) and the number of pages; (2) title, heading or caption of such document, if any; (3) date on which such document was prepared or executed; (4) name of the person who signed such document and, if it was not signed, the response shall so state and shall state the name of the author or originator; (5) name of the addressees, if any, and the name of each other person to whom such document or a copy thereof was sent; and (6) present location and name of the custodian of the original document or a copy thereof. The foregoing information shall be given in sufficient detail to enable a person to whom a subpoena is directed to identify fully the document to be produced and to enable Walman to determine that such document, when produced, is in fact the document described.

(d) An oral communication, including but not limited to, meetings, discussions or other contacts, means to state to the extent known, the: (1) substance of the communication; (2) date and place of the communication, including a notation of whether the communication was in person or by telephone; (3) identity of all persons attending, participating or joining in the communication; (4) identity of all persons witnessing or having knowledge of such communication; and (5) identity of all documents recording, summarizing, confirming, or relating to the communication.

(e) An agreement or contract, means to state: (1) all parties to the agreement; (2) the date upon which the agreement was finalized or executed; (3) the period during which the terms of the agreement were to be given effect; (4) the period during which the terms of the agreement were actually given effect; (5) the persons responsible for negotiating and authorizing execution of the agreement; (6) all persons with knowledge of the agreement; and (7) all documents that reflect, refer, or relate to the agreement.

(f) An event, act, or representation, means to state: (1) a brief description of the event, act, or representation; (2) the date on which it occurred; (3) the identity of any Person who was engaged or involved in the

event, act, or representation; and (4) any witness to such event, act, or representation.

8. "Person" means any natural person, or any non-natural person, including but not limited to any corporation, company, partnership, limited partnership, sole proprietorship, association, institute, joint venture, firm, governmental body, or other entity, for profit or not for profit, whether privately or publicly owned or controlled or partially or fully government owned or controlled.

9. The singular form of any word shall be construed as including the plural and vice-versa. The masculine form of any word shall be construed as including the feminine and neuter forms of the word and vice-versa. The use of a verb in any tense shall be construed as the use of the verb in all other tenses. The use of "and" shall include "or" and "or" shall include "and." The use of "every" shall include "each" and "each" shall include "every." The use of "any" shall include "all" and "all" shall include "any."

## INTERROGATORIES

1. Identify each Person who assisted you in providing responses to EquiFirst's First Set of Interrogatories and First Set of Requests for Production of Documents and, for each person named, state each Interrogatory or Request for Production for which such Person provided information or documents.

2. Identify each and every Person known to you who has or may have knowledge of any of the facts, occurrences, circumstances, or events pertaining to this litigation, including your Amended Complaint and, for each Person named, identify his or her knowledge.

3. Identify all written and oral communications between you and EquiFirst or any other named defendant in this litigation and, for each, set forth the name of the individual with whom the communication was made, the date of the communication, a summary of the communication and in what form such communication was made.

4. State each and every fact you contend supports each of the causes of action set forth in the Amended Complaint.

5. State each and every fact upon which you base your allegation in the Amended Complaint's Factual Allegations that you were not "given two notices of Right to Cancel."

6. State each and every fact upon which you base your allegation in the Amended Complaint's Factual Allegations that "Plaintiff's property was advertised for sale with EFC Holding's Attorney."

7. State each and every fact upon which you base your allegation in Paragraph 68 of the Amended Complaint that EquiFirst "paid RTL Financial the

YSP in exchange for increasing plaintiff's interest rate and/or steering or referring mortgage business to EquiFirst Corporation, not for other goods and services actually rendered."

8. State each and every fact upon which you base your allegation in Paragraph 91 of the Amended Complaint that EquiFirst "combined and conspired ... to unlawfully arrange for and produce a fraudulent, appraised value for the [Subject Property]."

9. State each and every fact upon which you base your allegation in Paragraph 105 of the Amended Complaint that EquiFirst "failed to provide [you] with preliminary written disclosures and with written or oral notifications of any change in loan terms."

10. State each and every fact upon which you base your allegation in Paragraph 113 of the Amended Complaint that EquiFirst used "means of deception and concealment to refinance a home and take out loans that defendants knew plaintiff could not afford."

11. State each and every fact upon which you base your allegation in Paragraph 122 of the Amended Complaint that EquiFirst "intentionally discriminated against plaintiff on the basis of race in arranging and brokering the refinance of the property and in arranging, brokering, and originating loans for that

purpose."

12. State each and every fact upon which you base your allegation in Paragraph 124 of the Amended Complaint that "defendants' payment and receipt of YSPs meant plaintiff[] received a higher interest rate than she otherwise would have" and was "charged excessive closing costs in connection with [the Subject Loan]."

13. State each and every fact upon which you base your allegation in Paragraph 152 of the Amended Complaint that EquiFirst "caused to be filed on Plaintiff's credit report derogatory information after Plaintiff had clearly rescinded the loan."

14. Identify all persons you expect to call as expert witnesses at trial, including each expert's field of expertise and qualifications, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each such opinion.

15. If not set forth in your response to a prior Interrogatory, identify each and every action that you contend each of the Defendants took or failed to take that you contend have caused injury, the harm you contend you have suffered as a result and by whom, the relief you are seeking and every element of the damages you seek in this action.

This 13th day of October, 2009.

                ALSTON & BIRD LLP

                By: */s/ Joann Johnston*
                CANDACE N. SMITH
                Georgia Bar No. 65491
                JOANN E. JOHNSTON
                Georgia Bar No. 141222
                1201 West Peachtree Street
                Atlanta, Georgia 30309
                Phone: (404) 881-7000
                Facsimile: (404) 881-7777

                ANITRA G. ROYSTER*
                N.C. Bar No. 39242
                3201 Beechleaf Court
                Suite 600
                Raleigh, NC 27604
                Phone: (919) 862-2200
                Facsimile: (919) 862-2260
                *Admitted *pro hac vice*

*Attorneys for Defendants EquiFirst Corp.
and EFC Holding Co.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDY HARPER,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFIRST CORPORATION, EFC HOLDINGS, RTL FINANCIAL, HOMEQ SERVICING, and SELENE FINANCE, LP,<br><br>Defendants. | Civil Action No. 1:08-CV-3905-JEC-CCH |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that she has served a copy of the foregoing **Defendants EquiFirst Corporation and EFC Holding Company's First Set of Interrogatories to Plaintiff** by hand delivering them to Plaintiff at the following address:

Judy Harper
2982 Duke of Windsor
East Point, Georgia 30344

The undersigned further certifies that she has served a copy of the above-listed documents upon counsel of record by placing copies of the same in the U.S.

Mail, postage prepaid, addressed as follows:

> Lawrence W. Kelly
> Johnson & Freedman, LLC
> 1587 N.E. Expressway
> Atlanta, Georgia 30329
> *Counsel for Defendant HomEq Servicing*
>
> Frank R. Olson
> McCurdy & Candler LLC
> 250 E. Ponce de Leon Ave.
> Suite 600
> Decatur, GA 30030
> *Counsel for Selene Finance LP*

This 13th day of October, 2009.

By: /s/ Joann Johnston
JOANN E. JOHNSTON
Georgia Bar No. 141222
*Attorney for Defendants EquiFirst Corp. and EFC Holding Company*

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Facsimile: (404) 881-7777