IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDY HARPER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EQUIFIRST CORPORATION, EFC HOLDINGS, RTL FINANCIAL, HOMEQ SERVICING, and SELENE FINANCE, LP,<br><br>　　　　Defendants. | Civil Action No. 1:08-CV-3905-JEC-CCH |

## DEFENDANTS EQUIFIRST CORPORATION AND EFC HOLDING COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants EquiFirst Corporation and EFC Holding Company, improperly named in this suit as EFC Holdings, (collectively "EquiFirst") request that Plaintiff Judy Harper produce for inspection and copying the documents and things described below that are in her possession, custody, or control. EquiFirst requests that this production of documents and tangible things be made within thirty (30) days at the offices of Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309.

## INSTRUCTIONS

1. In responding to the Requests for Production, please furnish all documents in your possession, custody, or control as well as all information available to you. In addition, please furnish all documents and information available to all persons acting on your behalf, including, but not limited to agents, representatives, and consultants.

2. If you cannot produce all documents responsive to a Request for Production after exercising due diligence to secure them, please state as such and furnish documents to the extent possible, specifying your inability to furnish the remainder and stating whatever information you have concerning the unavailable documents. If your response is qualified in any particular manner, please set forth the details of such qualification.

3. If you object to any part of a Request for Production and refuse to furnish documents and information responsive to that part, please state your objection(s) and furnish documents responsive to the remaining portion of that particular request. If you object to the scope or time period of a request and refuse to produce documents and information for that scope or time period, please state your objection(s) and furnish documents and information responsive to the request for the scope or time period that you contend is appropriate.

4. In the event that Plaintiff wishes to assert the attorney-client privilege, the work product doctrine, or any other privilege as to any document requested by any of the following requests, for each such assertion, please identify the document or copy thereof, the nature of the privilege claimed, and the facts or grounds supporting the claim of privilege in sufficient detail to permit the Court to reach a determination as to the propriety of such assertion.

5. If any document described herein was, but no longer is, within Plaintiff's possession, custody or control or that of a person acting on Plaintiff's behalf, please state in detail: (a) a summary of the contents of the document; (b) what disposition was made of it; (c) the date of such disposition; (d) the reason for such disposition; (e) whether the original or a copy thereof is within the possession, custody or control of any other person, corporation or entity; and (f) if the answer to (e) is affirmative, the identity of that entity.

## **DEFINITIONS**

When used in these Requests for Production of Documents, the following words shall apply herein:

1. "Plaintiff," "You" or "Your" shall mean and refer to Plaintiff Judy Harper as well as her representatives, agents, attorneys, and any other persons purporting to act on her behalf.

2. "EquiFirst" shall mean and refer to EquiFirst Corporation and EFC Holding Company as well as their officials, employees, agents, representatives, affiliates, parents, and subsidiaries.

3. The "Subject Property" shall mean and refer to the real property located at 2982 Duke of Windsor, East Point, Georgia 30344.

4. The "Subject Loan" shall mean and refer to the home loan that Plaintiff obtained from EquiFirst on or about July 6, 2007 for the refinance of the Subject Property and that is referenced in the Amended Complaint.

5. The term "document" means any written, printed, typed, recorded, filmed or other graphic matter of any kind or nature however written or produced, by hand or reproduced by any process, and whether or not claimed to be privileged against discovery by any ground, and whether an original master or copy, including, but not limited to: agreements, correspondence, telexes, faxes, cablegrams, radiograms and telegrams; tape recordings and/or transcripts of the same, notes and memoranda (including internal memoranda), summaries and recordings; records, ledgers, contracts, bills, invoices, bills of lading, inventories, financial data, wills, other writings, formal or informal in nature, accounting and financial records, diaries, statements, work papers and accountant work papers, paper and magnetic tapes, charts, printouts, electronically or magnetically stored

information or data, minutes, publications, calendars, telephone pads, bulletins, directives, logs and listings, real estate valuations or appraisals, and any other information containing paper, writing or physical things, in the possession, custody and/or control of Plaintiff, her agents or attorneys, and all drafts, notes or preparatory material concerned with said documents where such copy contained any commentary, notation or other change whatsoever that does not appear in the original or other copy of the document produced. The term "document" includes any electronically created or stored information as well as any summary of a document or documents called for hereinafter and any computer program, directory, file, database or software application, generated, produced or stored by computer or other data processing and/or data generating machinery.

6. "Pertain" or "pertaining" means evidencing, memorializing, referring to, constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, or otherwise relating to or regarding in any way, in whole or in part, the subject matter referred to in the request for production.

7. The singular form of any word shall be construed as including the plural and vice-versa. The masculine form of any word shall be construed as including the feminine and neuter forms of the word and vice-versa. The use of a verb in any tense shall be construed as the use of the verb in all other tenses. The

use of "and" shall include "or" and "or" shall include "and." The use of "every" shall include "each" and "each" shall include "every." The use of "any" shall include "all" and "all" shall include "any."

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all documents that pertain to, are referred to or identified in, or support your answers to EquiFirst's First Set of Interrogatories to Plaintiff.

2. Any and all documents pertaining to any of the causes of action set forth in the Amended Complaint.

3. Any and all documents that support or refute the relief that you seek in the Amended Complaint.

4. Any and all documents pertaining to the Subject Loan.

5. Any and all documents pertaining to your refinancing of the Subject Property in 2007.

6. Any and all documents pertaining to any security interest that EquiFirst or any other named defendant has in the Subject Property.

7. Any and all documents that you provided to EquiFirst or any of the other named defendants when applying for the Subject Loan.

8. Copies of the following documents referenced in the Amended Complaint:

    (a)    The credit agreement referenced as "Exhibit A" in the Factual Allegations section of the Amended Complaint;

    (b)    The mortgage and note referenced as "Exhibits A and B" in the Factual Allegations section of the Amended Complaint;

    (c)    The Notice of Rescission referenced as "Exhibit C" in Paragraphs 19 and 20 of the Amended Complaint;

    (d)    The return receipt referenced as "Exhibit D" in Paragraph 22 of the Amended Complaint;

    (e)    The Good Faith Estimate referenced in Paragraph 58 of the Amended Complaint; and

    (f)    The HUD-1 Settlement Statement referenced in Paragraph 59 of the Amended Complaint.

9. Any and all documents concerning your payment history on the Subject Loan.

10. Any and all documents pertaining to the Notice of Rescission referenced in the "Factual Allegations" section of the Amended Complaint.

11. Any and all documents pertaining to the allegation in the Amended Complaint's Factual Allegations that "Plaintiff's property was advertised for sale with EFC Holding's Attorney."

12. Any and all documents pertaining to any communications, oral or written, pertaining to the Subject Loan between you and EquiFirst or any other named defendant in this action.

13. Any and all documents produced by or to HomEq Servicing in this case.

14. Any and all documents produced by or to Selene Finance LP in this case.

15. Any and all documents pertaining to any person whom you expect to call as an expert witness upon the trial of this case or pertaining to the facts and opinions to which any such expert is expected to testify.

[SIGNATURE ON NEXT PAGE]

This 13th day of October, 2009.

        ALSTON & BIRD LLP

        By: /s/ Joann Johnston
        CANDACE N. SMITH
        Georgia Bar No. 65491
        JOANN E. JOHNSTON
        Georgia Bar No. 141222
        One Atlantic Center
        1201 West Peachtree Street
        Atlanta, Georgia 30309
        Phone: (404) 881-7000
        Facsimile: (404) 881-7777

        ANITRA G. ROYSTER*
        N.C. Bar No. 39242
        3201 Beechleaf Court
        Suite 600
        Raleigh, NC 27604
        Phone: (919) 862-2200
        Facsimile: (919) 862-2260
        *Admitted *pro hac vice*

        *Attorneys for Defendants EquiFirst Corp.*
        *and EFC Holding Co.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDY HARPER,<br><br>    Plaintiff,<br><br>vs.<br><br>EQUIFIRST CORPORATION, EFC HOLDINGS, RTL FINANCIAL, HOMEQ SERVICING, and SELENE FINANCE, LP,<br><br>    Defendants. | Civil Action No. 1:08-CV-3905-JEC-CCH |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that she has served a copy of the foregoing **Defendants EquiFirst Corporation and EFC Holding Company's First Set of Requests for Production of Documents to Plaintiff** by hand delivering them to Plaintiff at the following address:

Judy Harper
2982 Duke of Windsor
East Point, Georgia 30344

The undersigned further certifies that she has served a copy of the above-listed documents upon counsel of record by placing copies of the same in the U.S.

Mail, postage prepaid, addressed as follows:

> Lawrence W. Kelly
> Johnson & Freedman, LLC
> 1587 N.E. Expressway
> Atlanta, Georgia 30329
> *Counsel for Defendant HomEq Servicing*
>
> Frank R. Olson
> McCurdy & Candler LLC
> 250 E. Ponce de Leon Ave.
> Suite 600
> Decatur, GA 30030
> *Counsel for Selene Finance LP*

This 13th day of October, 2009.

By: /s/ Joann Johnston
JOANN E. JOHNSTON
Georgia Bar No. 141222
*Attorney for Defendants EquiFirst Corp. and EFC Holding Company*

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Facsimile: (404) 881-7777