IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDY HARPER,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFIRST CORPORATION, EFC HOLDINGS, RTL FINANCIAL, HOMEQ SERVICING, and SELENE FINANCE, LP,<br><br>Defendants. | Civil Action No. 1:08-CV-3905-JEC-CCH |

## DEFENDANTS EQUIFIRST CORPORATION AND EFC HOLDING COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants EquiFirst Corporation and EFC Holding Company, improperly named in this suit as EFC Holdings, (collectively "EquiFirst") request that Plaintiff Judy Harper respond to the following Requests for Admission in writing and under oath within thirty (30) days of service hereof.

### DEFINITIONS AND INSTRUCTIONS

1. "Plaintiff," "You" or "Your" shall mean and refer to Plaintiff Judy Harper as well as her agents, attorneys, and any other persons purporting to act on

her behalf.

2. "EquiFirst" shall mean and refer to EquiFirst Corporation and EFC Holding Company as well as their officials, employees, agents, representatives, affiliates, parents, and subsidiaries.

3. The "Subject Property" shall mean and refer to the real property located at 2982 Duke of Windsor, East Point, Georgia 30344.

4. The "Subject Loan" shall mean and refer to the home loan referenced in the Amended Complaint that Plaintiff closed with EquiFirst on or about July 6, 2007 for the refinance of the Subject Property.

5. "Pertain" or "pertaining" means evidencing, memorializing, referring to, constituting, containing, discussing, describing, embodying, reflecting, identifying, mentioning, stating, or otherwise relating to or regarding in any way, in whole or in part, the subject matter referred to in the Request for Admission.

6. The singular form of any word shall be construed as including the plural and vice-versa. The masculine form of any word shall be construed as including the feminine and neuter forms of the word and vice-versa. The use of a verb in any tense shall be construed as the use of the verb in all other tenses. The use of "and" shall include "or" and "or" shall include "and." The use of "every" shall include "each" and "each" shall include "every." The use of "any" shall

include "all" and "all" shall include "any."

7.  If you object to responding to the Requests for Admission on the basis of privilege or some other claim of confidentiality, please state in your answer the basis for the objection and sufficient facts to permit the Court to rule on the legitimacy and applicability of the privilege asserted.

8.  The Requests for Admission shall be deemed continuing and shall require supplementary responses if you obtain or become aware of, or anyone on your behalf obtains or becomes aware of, additional information affecting your responses to these requests to the full extent of the Federal Rules of Civil Procedure.

## REQUESTS FOR ADMISSION

1.  Admit that you are the current owner of the Subject Property.

2.  Admit that RTL Financial, Inc. ("RTL Financial") was the mortgage broker for the Subject Loan.

3.  Admit that you submitted an application for a refinancing loan for the Subject Property to RTL Financial on or about April 2, 2007.

4.  Admit that the closing for the Subject Loan took place on July 6, 2007.

5.  Admit that Exhibit A is a true and correct copy of the Security Deed

signed by you at the closing for the Subject Loan on July 6, 2007.

6. Admit that Exhibit B is a true and correct copy of the Adjustable Rate Note and Adjustable Rate Rider signed by you at the closing for the Subject Loan on July 6, 2007.

7. Admit that Exhibit C is the Waiver of Borrower's Rights signed by you at the closing for the Subject Loan on July 6, 2007.

8. Admit that Exhibit D is a true and correct copy of the Truth-In-Lending Disclosure Statement signed by you at the closing for the Subject Loan on July 6, 2007.

9. Admit that Exhibit E is a true and correct copy of the Uniform Residential Loan Application signed by you at the closing for the Subject Loan on July 6, 2007.

10. Admit that the representations about your personal finances in the Uniform Residential Loan Application were true and accurate as of July 6, 2007.

11. Admit that Exhibit F is a true and correct copy of the HUD-1 Settlement Statement signed by you at the closing for the Subject Loan on July 6, 2007.

12. Admit that Exhibit G is a true and correct copy of the Notice of Right to Cancel signed by you at the closing for the Subject Loan on July 6, 2007.

13. Admit that Exhibit H is a true and correct copy of the Borrower Certifications signed by you at the closing for the Subject Loan on July 6, 2007.

14. Admit that Exhibit I is a true and correct copy of the Variable Rate Mortgage Program Disclosure signed by you at the closing for the Subject Loan on July 6, 2007.

15. Admit that you received signed copies of Exhibits A through I at the time of the closing for the Subject Loan on July 6, 2007.

16. Admit that Exhibit J is a true and correct copy of the Good Faith Estimate signed by you in association with your application for the Subject Loan on April 2, 2007.

17. Admit that Exhibit K is a true and correct copy of the Mortgage Brokerage Business Contract signed by you in association with your application for the Subject Loan on April 2, 2007.

18. Admit that you did not contact EquiFirst to cancel the transaction for the Subject Loan on or before July 10, 2007.

19. Admit that you provided true and accurate financial information to RTL Financial in association with the Subject Loan.

20. Admit that you provided true and accurate financial information to EquiFirst in association with the Subject Loan.

21. Admit that as of July 6, 2007, the Subject Property had a fair market value of $300,000.

22. Admit that EquiFirst did not perform the appraisal of the Subject Property in connection with the Subject Loan.

23. Admit that EquiFirst had no role in choosing D.S. Murphy & Associates as the appraiser of the Subject Property in connection with the Subject Loan.

24. Admit that at some time after July 6, 2007, EquiFirst sold the Subject Loan to Selene Finance LLC.

25. Admit that EquiFirst has never been the mortgage servicer of the Subject Loan.

26. Admit that as of the filing of the Complaint on December 29, 2008, you were in default on the Subject Loan for nonpayment.

27. Admit that you are not seeking recovery against EquiFirst for misrepresentation, which is the Second Cause of Action in the Amended Complaint.

28. Admit that you are not seeking recovery against EquiFirst for breach of fiduciary duty, which is the Third Cause of Action in the Amended Complaint.

29. Admit that you are not seeking recovery against EquiFirst for unjust

enrichment and violation of the Georgia Fair Business Practice Act, which is the Fourth Cause of Action in the Amended Complaint.

30. Admit that you are not seeking recovery against EquiFirst for lack of good faith, which is the Fifth Cause of Action in the Amended Complaint.

This 13th day of October, 2009.

ALSTON & BIRD LLP

By: *Joann Johnston*

CANDACE N. SMITH
Georgia Bar No. 65491
JOANN E. JOHNSTON
Georgia Bar No. 141222
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Facsimile: (404) 881-7777

ANITRA G. ROYSTER*
N.C. Bar No. 39242
3201 Beechleaf Court
Suite 600
Raleigh, NC 27604
Phone: (919) 862-2200
Facsimile: (919) 862-2260
*Admitted *pro hac vice*

*Attorneys for Defendants EquiFirst Corp. and EFC Holding Co.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDY HARPER,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFIRST CORPORATION, EFC HOLDINGS, RTL FINANCIAL, HOMEQ SERVICING, and SELENE FINANCE, LP,<br><br>Defendants. | Civil Action No. 1:08-CV-3905-JEC-CCH |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that she has served a copy of the foregoing **Defendants EquiFirst Corporation and EFC Holding Company's First Set of Requests for Admission** by hand delivering them to Plaintiff at the following address:

Judy Harper
2982 Duke of Windsor
East Point, Georgia 30344

The undersigned further certifies that she has served a copy of the above-listed documents upon counsel of record by placing copies of the same in the U.S.

Mail, postage prepaid, addressed as follows:

>Lawrence W. Kelly
>Johnson & Freedman, LLC
>1587 N.E. Expressway
>Atlanta, Georgia 30329
>*Counsel for Defendant HomEq Servicing*

>Frank R. Olson
>McCurdy & Candler LLC
>250 E. Ponce de Leon Ave.
>Suite 600
>Decatur, GA 30030
>*Counsel for Selene Finance LP*

This 13th day of October, 2009.

By: /s/ Joann Johnston
JOANN E. JOHNSTON
Georgia Bar No. 141222
*Attorney for Defendants EquiFirst Corp. and EFC Holding Company*

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Facsimile: (404) 881-7777