IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDY HARPER,<br><br>      Plaintiff,<br><br>vs.<br><br>EQUIFIRST CORPORATION, EFC HOLDINGS, RTL FINANCIAL, HOMEQ SERVICING, and SELENE FINANCE, LP,<br><br>      Defendants. | Civil Action No. 1:08-CV-3905 |

**DEFENDANTS EQUIFIRST CORPORATION AND EFC HOLDING CO.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

Defendants EquiFirst Corporation and EFC Holdings Co., improperly named in this suit as EFC Holdings, (collectively "EquiFirst") hereby respond to Plaintiff Judy Harper's Motion to Dismiss and show the Court the following:

### I.    BACKGROUND

Pro Se Plaintiff Judy Harper ("Harper") filed this action on December 29, 2008, against EquiFirst and co-defendants RTL Financial, HomEq Servicing, and Selene Finance LP, seeking to rescind an adjustable rate mortgage on her residence, void any security interest held on that property, and recover compensatory damages for misrepresentation, breach of fiduciary duty, unjust

enrichment, lack of good faith, and consumer fraud. [Docket No. 1]. On January 28, 2009, Plaintiff also filed an "Emergency Motion for Preliminary Injunction" seeking a court order "prohibiting the Sheriff of Fulton County from proceeding with the Writ of Eviction on Plaintiff." [Docket No. 9]. Upon a Report and Recommendation by the Magistrate Judge, this Court denied that motion on September 3, 2009. [Docket No. 46].

### A. Plaintiff's Second Attempt to Amend Her Complaint Is Denied.

On February 27, 2009, Plaintiff filed a Motion to Amend her Complaint, stating only that she "want[ed] to plead her case with more specificity." [Docket No. 17]. Selene Finance and HomeEq Servicing opposed the motion because Plaintiff failed to attach a proposed amended complaint or set forth the substance of the proposed amendment. [Docket Nos. 18, 19]. Despite these objections, the Court granted Plaintiff's Motion to Amend. [Docket No 23]. Plaintiff filed her Amended Complaint on May 28, 2009, adding *eleven* more causes of action under various federal consumer protection statutes and state common law claims. [Docket No. 24].

On September 11, 2009, Plaintiff filed a Motion to Amend her Amended Complaint, again stating once again that she "want[ed] to plead her case with more specificity" and, once again, failing to attached a proposed second amended

complaint or set forth the substance of the proposed amendment. [Docket No. 47]. The Court denied Plaintiff's motion on October 6, 2009. [Docket No. 49].

**B.    Plaintiff Fails to Comply with the Federal Rules of Civil Procedure and This Court's Local Rules and Does Not Cooperate with Defendants' Attempts to Submit a Joint Preliminary Report and Discovery Plan.**

Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.1, N.D. Ga., the parties held an Early Planning Conference on July 15, 2009. Despite Defendants' requests for her to provide input on the Preliminary Report and Discovery Plan, Plaintiff failed to do so. As a consequence, Defendants filed their Preliminary Report and Discovery Plan on July 24, 2009. Plaintiff filed her own Report six (6) days later on July 30, 2009, in which she contended that she needed more than four (4) months to complete discovery. The Magistrate Judge held that this case would proceed on a four month discovery track, and discovery commenced on July 24, 2009. Notably, Plaintiff did not serve any discovery whatsoever during the four month discovery period, which ended on November 24, 2009.

At or about the time that the Defendants filed a Preliminary Report and Discovery Plan, EquiFirst timely filed Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and LR 26.1, N.D. Ga. [Docket No. 42]. To date, and despite the fact that EquiFirst has made numerous requests for her to do so, including through letters dated September 15, October 13, and November 23, 2009, Plaintiff has not

filed her Initial Disclosures that were due on July 24, 2009. (*See* Declaration of Joann Johnston, attached as Exhibit A, at ¶ 4).

**C.     Plaintiff Fails to Timely Respond to EquiFirst's Discovery Requests.**

On October 13, 2009, EquiFirst served Plaintiff, via hand delivery, with Defendants' First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions (collectively "EquiFirst's Discovery Requests"). (*Id.* ¶ 5). Pursuant to Fed. R. Civ. P. 6 and 26, the deadline for Plaintiff to answer EquiFirst's Discovery Requests was November 12, 2009. (*Id.*). In anticipation of timely receiving Plaintiff's responses to its Discovery Requests, EquiFirst noticed Plaintiff's deposition for November 19, 2009. (*Id.* ¶ 6).

On November 10 and 11, 2009, counsel for EquiFirst contacted Plaintiff to remind her that her written responses to EquiFirst's Discovery Requests and responsive documents were due on November 12, 2009. (*Id.* ¶¶ 7-8 & Ex. 1). On November 11, 2009, Plaintiff informed EquiFirst's counsel that those discovery responses would be forthcoming. (*Id.* ¶ 8). Despite her assurances, Plaintiff did not serve responses to EquiFirst's Discovery Requests by November 12, 2009, nor did she request additional time to respond to the same. (*Id.* at ¶¶ 9-10).

D. **Plaintiff Provides Untimely, Incomplete, and Insufficient Responses to EquiFirst's Discovery Requests.**

After again being contacted by counsel for EquiFirst on November 16, 2009, Plaintiff finally served responses to EquiFirst's Discovery Requests on November 17, 2009. (*Id.* ¶¶ 11-12 & Ex. 2). However, those responses were woefully deficient. (*See* Johnston Decl. ¶ 17 & Ex. 3).

First, despite having failed to timely respond to EquiFirst's First Set of Requests for Admissions, Plaintiff's responses to the same were largely objections or other refusals to respond, and not substantive answers. (*See* Plaintiff's Responses to EquiFirst's First Set of Requests for Admission, attached as Exhibit B).

Plaintiff responded to EquiFirst's First Set of Interrogatories in a similar manner. (*See* Plaintiff's Reponses to EquiFirst's First Set of Interrogatories, attached as Exhibit C). Except to say that she had not engaged an expert, Plaintiff provided no substantive answers to *any* of the interrogatories.

Plaintiff's Requests for Production were equally deficient. In virtually each case, she either indicated either that she would not provide documents prior to a deposition or leave of Court or that she objected to the production of documents. (*See* Plaintiff's Responses to EquiFirst's First Set of Requests for Production,

attached as Exhibit D).  In short, Plaintiff failed to state that she would produce a single document in response to EquiFirst's discovery requests.

Because of Plaintiff's utter failure to comply with her discovery obligations, EquiFirst postponed Plaintiff's deposition and contacted the Court to request a telephone conference.  (Johnston Decl. ¶¶ 14-15).

**E.  The Magistrate Judge Orders Plaintiff to Comply With Her Discovery Obligations.**

When EquiFirst's counsel attempted to seek Plaintiff's cooperation in scheduling a telephonic discovery conference with the Magistrate Judge, she stated that her responses were sufficient and that she was unavailable in the near term for any such conference.  (*Id.* ¶ 16).  Consequently, the Magistrate Judge's chambers contacted Plaintiff directly, and the parties appeared before the Magistrate Judge via telephone conference on November 24, 2009.  (*Id.*).

During the aforementioned conference, the Magistrate Judge ordered Plaintiff to respond to EquiFirst's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions, along with the documents responsive to them, and submit Initial Disclosures by 5 p.m. on December 4, 2009.  Through his written Order on the discovery dispute entered on November 24, 2009, the Magistrate Judge also advised Plaintiff that:

Full and complete answers to all interrogatories must be provided; all

6

relevant documents *must be produced*; and each Request for Admission must be admitted or denied unless legitimate grounds for objection exist. Plaintiff is further advised that if any objection to these discovery requests is deemed frivolous by the Court, she will be charged with costs.

[Docket No. 54 (emphasis added)].

Plaintiff failed to comply with the Magistrate Judge's Order. Instead, on the afternoon of December 4, 2009, Plaintiff contacted EquiFirst's counsel and left a voicemail stating that she had decided to voluntarily dismiss the case against EquiFirst. (Johnston Decl. ¶ 19). Plaintiff filed the pending Motion to Dismiss EquiFirst Without Prejudice that same day.

## II.  ARGUMENT AND CITATION OF AUTHORITY

EquiFirst has no objection to the dismissal of Plaintiff's claims against it. In fact, EquiFirst believes that Plaintiff has no basis for those claims. However, a dismissal without prejudice simply allows Plaintiff to engage in similar conduct – bringing suit and then failing to comply with her obligations under the law, including her obligation to provide EquiFirst and this Court with a basis for her claims – at a later time. It is for this reason that EquiFirst seeks finality in this matter. EquiFirst believes that this matter should be dismissed *with* prejudice.

### A.  Plaintiff's Motion Should Not Be Granted Unless It Is With Prejudice.

In the Eleventh Circuit, a plaintiff has no absolute right to a voluntary

7

dismissal without prejudice simply because she seeks it. *See Fisher v. P.R. Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991). Fed. R. Civ. P. 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, **on terms that the court considers proper."** (Emphasis added). Indeed, when exercising its discretion, a court "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of the defendants." *Fisher*, 940 F.2d at 1503.

A plaintiff may not voluntarily dismiss her case without prejudice where a defendant would lose a "substantial right" as a result of the dismissal. *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967).[1] A motion for voluntary dismissal without prejudice should not be granted if:

> [T]he defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit …. In exercising its broad discretion under Rule 41(a)(2), the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.

*Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001) (citations omitted); *see also Mosley v. JLG Indus., Inc.*, 189 Fed. App'x 874 (11th

---

[1] Fifth Circuit cases decided prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

8

Cir. 2006) (upholding district court's dismissal with prejudice based on, among other things, "the time that had passed since the case was filed, the many motions filed, and the discovery produced" as well as "the many extensions granted to Plaintiff for naught"); *McBride v. JLG Indus., Inc.*, 189 Fed. App'x 876 (11th Cir. 2006) (upholding district court's dismissal with prejudice based on, among other things, the "considerable time that had been expended and expenses incurred" as well as "the many extensions granted to Plaintiff for naught"); *Stephens v. Ga. Dep't of Trans.*, 134 Fed. App'x 320 (11th Cir. 2005) (holding that district court properly denied plaintiff's request for voluntary dismissal without prejudice two years after complaint was filed and after extensive discovery had been produced and motions for summary judgment were pending).

Here, while EquiFirst has no objection to dismissal generally, it does object to Plaintiff's attempt to have this action against it dismissed without prejudice. This case has been pending for almost one year, and Plaintiff has yet to make any effort to prosecute her claims. Plaintiff has refused to provide EquiFirst with Initial Disclosures for what is now almost five (5) months, despite counsel's numerous attempts to obtain them. Plaintiff also provided untimely and insufficient responses to EquiFirst's Discovery Requests and has produced absolutely no documents. Further, despite the fact that the Magistrate Judge

9

ordered her to comply with her discovery responses, Plaintiff has yet to do so. In the meantime – and despite having been granted an extension of time – Plaintiff has yet to attempt to take any discovery from EquiFirst.[2]

EquiFirst has made numerous attempts and incurred significant expense to get Plaintiff to comply with her obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court. Counsel for EquiFirst wrote Plaintiff on September 15, October 13, and November 23, 2009, seeking Plaintiff's Initial Disclosures. In addition, EquiFirst's attorneys contacted Plaintiff on November 10 and 11, 2009, to remind her that the deadline for her to respond to EquiFirst's Discovery Requests and produce responsive documents was November 12, 2009. Only after EquiFirst's attorneys contacted Plaintiff again on November 16, 2009, did she finally serve her answers to EquiFirst's Discovery Requests on November 17, 2009. In addition to being late, Plaintiff's answers were riddled with frivolous objections and were not accompanied by any documents.

EquiFirst's counsel also had to engage in a number of telephone conferences, both with Plaintiff and the Magistrate Judge, in connection with

---

[2] As it is a mere three days before the extended period within which Plaintiff had to take depositions has closed, EquiFirst objects to any last minute attempts Plaintiff may make to notice its deposition as untimely.

Plaintiff's deficient discovery responses. Plaintiff put up substantial resistance (which resulted in further expense to EquiFirst) to even having a telephonic conference with the Magistrate Judge concerning the discovery issues because, in her opinion, her answers to EquiFirst's Discovery Requests were sufficient. During the teleconference with the Magistrate Judge on November 24, 2009, Plaintiff promised that she would provide proper responses and responsive documents by December 4, 2009, or face the imposition of EquiFirst's attorneys' fees for her failure to do so.

To EquiFirst's prejudice, Plaintiff has continuously ignored her obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court and is now seeking to avoid the consequences of her refusal to engage in the prosecution of her own case. Rather than abiding by the Court's Order compelling her to respond to EquiFirst's Discovery Requests or face sanctions, Plaintiff decided the afternoon that those responses were due to move to try to avoid her obligations by attempting to dismiss her claims against EquiFirst. Plaintiff did not seek a stipulation from EquiFirst agreeing to dismiss her claims against it without prejudice, nor did she seek an extension of time from EquiFirst or the Court to comply with the Magistrate Judge's Order while her motion was pending. Further, Plaintiff's motion provided no explanation for her attempts to seek a dismissal

without prejudice at this stage in the litigation. It appears that Plaintiff's Motion to Dismiss amounts to nothing more than an attempt avoid having the Magistrate Judge assess her for EquiFirst's attorneys' fees and other costs associated with obtaining her compliance with discovery, as the Magistrate Judge advised her that he would do if she failed to abide by the terms of its November 24, 2009 order.

Beyond expenses related to discovery and Plaintiff's utter refusal to comply with her discovery obligations, EquiFirst has had to incur costs attendant with its obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court, including filing an answer, participating in the Early Planning Conference, as well as preparing Initial Disclosures and its portions of the Joint Preliminary Report and Discovery Plan. In each and every instance, EquiFirst has timely complied with its obligations pursuant to this Court's orders and the applicable federal rules.

By contrast, Plaintiff has acted in bad faith toward EquiFirst and has substantially prejudiced it. Plaintiff has prevented EquiFirst from obtaining information to defend itself against her claims. In fact, Plaintiff has yet to provide *any* support for her claims against EquiFirst other than her averments in her Complaint. This failure has resulted in delay and expense, and it has thwarted EquiFirst from being able to try to bring this matter to a final conclusion.

Dismissal without prejudice, in an attempt not to have to substantiate her claims, simply allows Plaintiff another bite at the apple at a later time. EquiFirst then will have to suffer further expense at the hands of the Plaintiff, all to defend against what it maintains – and what Plaintiff has yet to proffer facts that tend to prove otherwise – is a frivolous claim. As a result, the Court should deny Plaintiff's Motion to Dismiss and enter an order dismissing Plaintiff's claims against EquiFirst with prejudice.

**B.     At a Minimum, the Court Should Impose Conditions on a Voluntary Dismissal Without Prejudice.**

Should this Court determine that dismissal without prejudice is appropriate, EquiFirst respectfully requests that such a dismissal not be without restrictions. As shown above, EquiFirst has suffered prejudice flowing from the expenses it has incurred in defending this lawsuit, and especially in attempting to force Plaintiff to abide by her discovery obligations.

In circumstances such as this, federal law holds that this Court can attach curative conditions to any dismissal without prejudice, should it choose to do so. *Pontenberg*, 252 F.3d at 1259; *see also* Fed. R. Civ. P. 41(d) (authorizing district court to require plaintiff to reimburse defendant costs of dismissed action upon refiling of the action). The Court enjoys broad discretion to attach conditions to a voluntary dismissal without prejudice including, but not limited to, requiring

13

Plaintiff to pay attorneys' fees and costs should she choose for some reason to refile her claims. *See Versa Prods., Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1328-29 (11th Cir. 2004).

EquiFirst clearly would incur significant expense and inconvenience if Plaintiff is permitted to dismiss her claims against EquiFirst and refile them at a later date without consequence. To avoid this result, and to the extent that it does not dismiss Plaintiff's claims against EquiFirst with prejudice, EquiFirst respectfully request that the Court condition its dismissal of those claims on the requirement that Plaintiff pay the costs and fees that EquiFirst has incurred thus far in defending this action if she ever attempts to refile any claims against it on these or substantially similar facts. *See, e.g.*, *Etute v. Elkins*, Case No. 1:08-CV-0149, 2009 WL 728548, at *1 (N.D. Ga. Mar. 19, 2009) (Carnes, J.) (granting pro se plaintiff's motion to dismiss without prejudice based upon condition that plaintiff pay defendants' attorneys' fees and costs should she refile).

The imposition of attorneys' fees and expenses as a precondition of refiling will benefit the parties twofold. First, it will result in the Plaintiff taking serious measure of her purported claims against EquiFirst before filing another lawsuit. Moreover, it will better ensure that EquiFirst will not be subject to another

expensive, frivolous suit simply because Plaintiff did not want to comply with her discovery obligations in this litigation.

## **CONCLUSION**

For the reasons set forth above, EquiFirst requests that the Court deny Plaintiff's Motion to Voluntarily Dismiss and enter an order dismissing her claims against EquiFirst with prejudice. In the alternative, and if this Court allows Plaintiff to dismiss her claims against EquiFirst without prejudice, EquiFirst respectfully requests that this Court, in any order allowing Plaintiff to dismiss her case without prejudice, hold that Plaintiff must pay attorneys' fees and costs incurred by EquiFirst in this action, from inception through the entry of an Order allowing for the dismissal of this case, as a prerequisite to refiling her claims at a later date.

[SIGNATURE ON NEXT PAGE]

Respectfully submitted this 21st day of December, 2009.

        ALSTON & BIRD LLP

        /s/ Candace N. Smith
        CANDACE N. SMITH
        Georgia Bar No. 65491
        JOANN E. JOHNSTON
        Georgia Bar No. 141222
        1201 West Peachtree Street
        Atlanta, Georgia 30309
        Phone: (404) 881-7000
        Facsimile: (404) 881-7777

        ANITRA G. ROYSTER*
        N.C. Bar No. 39242
        3201 Beechleaf Court
        Suite 600
        Raleigh, NC 27604
        Phone: (919) 862-2200
        Facsimile: (919) 862-2260
        *Admitted *pro hac vice*

*Attorneys for Defendants EquiFirst Corp. and EFC Holding Co.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDY HARPER,<br><br>      Plaintiff,<br><br>vs.<br><br>EQUIFIRST CORPORATION, EFC HOLDINGS, RTL FINANCIAL, HOMEQ SERVICING, and SELENE FINANCE, LP,<br><br>      Defendants. | Civil Action No. 1:08-CV-3905 |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing **DEFENDANTS EQUIFIRST CORPORATION AND EFC HOLDING CO.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS** was prepared in Times New Roman 14 point font, double-spaced, with a top margin of not less of 1.5 inches and a left margin of not less than 1 inch.

This 21st day of December, 2009.

                                        /s/ Candace N. Smith
                                        CANDACE N. SMITH

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDY HARPER,<br><br>    Plaintiff,<br><br>vs.<br><br>EQUIFIRST CORPORATION, EFC HOLDINGS, RTL FINANCIAL, HOMEQ SERVICING, and SELENE FINANCE, LP,<br><br>    Defendants. | Civil Action No. 1:08-CV-3905 |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I filed the foregoing **DEFENDANTS EQUIFIRST CORPORATION AND EFC HOLDING CO.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** with the Court electronically via the CM/ECF System, which will automatically send electronic notice of said filing to the following:

Lawrence W. Kelly
Johnson & Freedman, LLC
1587 N.E. Expressway
Atlanta, Georgia 30329
*Counsel for Defendant HomEq Servicing*

Frank R. Olson
McCurdy & Candler LLC
250 E. Ponce de Leon Ave.
Suite 600
Decatur, GA 30030
*Counsel for Selene Finance LP*

I have further caused a copy of this document to be delivered to the following non-ECF participant by U.S. Mail, postage pre-paid:

Judy Harper
2982 Duke of Windsor
East Point, Georgia 30344
*Pro se Plaintiff*

This 21st day of December, 2009

/s/ Candace N. Smith
CANDACE N. SMITH

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Facsimile: (404) 881-7777