# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUDY HARPER,

       Plaintiff,

   vs.

EQUIFIRST CORPORATION, EFC
HOLDINGS, RTL FINANCIAL,
HOMEQ SERVICING, and
SELENE FINANCE, LP,

       Defendants.

Civil Action No. 1:08-CV-3905

**DECLARATION OF JOANN JOHNSTON IN SUPPORT OF
DEFENDANTS EQUIFIRST CORPORATION AND EFC HOLDINGS
CO.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS**

Pursuant to 28 U.S.C. § 1746, the undersigned Joann E. Johnston hereby

declares and states the following:

1.    My name is Joann E. Johnston.  I am over the age of eighteen (18)

years, under no legal disability, and competent in all ways to give this declaration.

2.    The statements contained herein are based upon my own personal

knowledge.

3.    I am an attorney at the law firm of Alston & Bird LLP.  Our firm

represents EquiFirst Corporation and EFC Holding Co. (collectively "EquiFirst")

in the above-captioned litigation.

4.     Despite being required to do so under Fed. R. Civ. P. 26 and L.R. 26.2, N.D. Ga., and EquiFirst's requests for her to do so in correspondence dated September 15, October 13, and November 23, 2009, Plaintiff Judy Harper ("Plaintiff") has not submitted Initial Disclosures in this action.

5.     On October 13, 2009, we served Plaintiff via hand delivery with EquiFirst's First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admissions (collectively "EquiFirst's Discovery Requests"). The deadline for Plaintiff to respond to those Discovery Requests was November 12, 2009.

6.     On October 15, 2009, we served Plaintiff with a Notice of Deposition scheduling her deposition for November 19, 2009.

7.     On November 10, 2009, I wrote Plaintiff a letter reminding her that her responses to EquiFirst's Discovery Requests, as well as responsive documents, were due on November 12, 2009. Attached hereto as Exhibit 1 is a true and correct copy of my November 10, 2009 letter to Plaintiff.

8.     On November 11, 2009, I spoke with Plaintiff, and she informed me that her responses to EquiFirst's Discovery Requests would be forthcoming.

9.     Plaintiff did not serve her responses to EquiFirst's Discover Requests

2

by the November 12, 2009 deadline.

10.    At no point prior to the November 12, 2009 deadline did Plaintiff approach counsel for EquiFirst to seek an extension of time for her to respond to EquiFirst's Discovery Requests, nor did EquiFirst grant an extension of time to Plaintiff to do so.

11.    On November 16, 2009, I sent Plaintiff an email asking whether she intended to respond to EquiFirst's Discovery Requests and produce responsive documents by the end of that day.  Attached hereto as Exhibit 2 is a true and correct copy of the email that I sent to Plaintiff on November 16, 2009.  I also left a voicemail for Plaintiff stating the same.

12.    That day, I received an email from Plaintiff stating that EquiFirst could expect to receive her responses to EquiFirst's Discovery Requests by November 17, 2009.

13.    Plaintiff delivered written responses to EquiFirst's Discovery Requests to our offices on November 17, 2009.  Plaintiff did not indicate through those responses that she would make any of her documents responsive to the Discovery Requests available to EquiFirst.

14.    On November 18, 2009, I contacted Plaintiff to advise her that EquiFirst would not take her deposition until it received sufficient responses to its

3

Discovery Requests or responsive documents from her.

15.    That day, I also contacted the Magistrate Judge to request a telephone conference with the parties to discuss Plaintiff's untimely and deficient discovery responses and her failure to produce any documents to EquiFirst.

16.    On November 19, 2009, I spoke with Plaintiff to advise her that EquiFirst had requested a telephone conference with the Magistrate Judge about her responses to EquiFirst's Discovery Requests.  Plaintiff told me that she did not believe such a conference was necessary and was unavailable to participate in one. Only after the Magistrate Judge's chambers contacted Plaintiff did she agree to participate in a telephone conference, which was scheduled for November 24, 2009.

17.    On November 23, 2009, Candace Smith, lead counsel for EquiFirst, sent Plaintiff a written letter outlining in detail the deficiencies in Plaintiff's responses to EquiFirst's Discovery Requests.  Attached hereto as Exhibit 3 is a true and correct copy of Candace Smith's letter to Plaintiff dated November 23, 2009.

18.    On November 24, 2009, the parties appeared before the Magistrate Judge for a telephone conference about Plaintiff's deficient discovery responses and failure to produce responsive documents.  The Magistrate Judge ordered Plaintiff to serve full and complete responses to EquiFirst's Discovery Requests,

along with responsive documents and her Initial Disclosures, by 5 p.m. on December 4, 2009.

19.     At 2:30 p.m. on December 4, 2009, Plaintiff left me a voicemail in which she acknowledged that the deadline for her to respond to EquiFirst's Discovery Requests and produce responsive documents was at 5 p.m. that day. Plaintiff also stated that she had decided to file a Motion to Dismiss her claims against EquiFirst instead.

20.     Beyond expenses attendant to discovery and its attempts to make Plaintiff abide by her obligations under the Federal Rules of Civil Procedure and the Local Rules of this Court, EquiFirst has also incurred attorneys' fees and expenses associated with, among other things, filing a Motion to Dismiss Plaintiff's Complaint, filing an Answer to Plaintiff's Amended Complaint, participating in the Early Planning Conference, preparing Initial Disclosures, and preparing portions of Defendants' Preliminary Report and Discovery Plan.

**I declare under penalty of perjury that the foregoing is true and correct.**

This 21st day of December, 2009.

_Joann Johnston_

Joann E. Johnston
*Attorney for Defendants EquiFirst*
*Corporation   and   EFC   Holding   Co.*

5

# **<u>EXHIBIT 1</u>**

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax:404-881-7777
www.alston.com

Joann E. Johnston                    Direct Dial: 404-881-4747          E-mail: joann.johnston@alston.com

November 10, 2009

VIA E-MAIL AND FIRST CLASS MAIL

Judy Harper
2982 Duke of Windsor
East Point, Georgia 30344

> Re:  *Harper v. EquiFirst Corp. et al*, U.S. District Court for the Northern
> District of Georgia, Case No. 1:08-CV-3905

Dear Ms. Harper:

I am writing to remind you that the deadline for you to respond to EquiFirst Corporation and EFC Holding Company's First Set of Interrogatories, Requests for Production, and Requests for Admission is this Thursday, November 12, 2009. Please let us know whether you intend to send the requested documents with your discovery responses or whether we need to make arrangements to pick up the documents directly from you. We can retrieve them at any time this Friday.

In addition, please note that your deposition is scheduled for Thursday, November 19, 2009. We fully expect your timely response to EquiFirst Corporation and EFC Holding Company's discovery requests and production of the requested documents prior to your scheduled deposition.

Please feel free to contact me if you have any questions.

Sincerely,

Joann Johnston

Joann E. Johnston

JEJ:jej

LEGAL02/31617861v2

Atlanta • Charlotte • Dallas • Los Angeles • New York • Research Triangle • Silicon Valley • Ventura County • Washington, D.C.

# **<u>EXHIBIT 2</u>**

**Johnston, Joann**

| | |
|---|---|
| **From:** | Johnston, Joann |
| **Sent:** | Monday, November 16, 2009 11:40 AM |
| **To:** | info@lovingitlive.com |
| **Subject:** | Discovery in Lawsuit Against EquiFirst Corporation |
| | |
| **Importance:** | High |

Dear Ms. Harper:

I am writing to follow up on my letter dated November 10th and our conversation on November 11th regarding your obligation to respond to EquiFirst Corporation's Interrogatories, Requests for Production, and Requests for Admission by the November 12th deadline. As of today, we have received nothing from you, and you did not return my phone call last week as promised to advise me of when we could anticipate receiving your responses and related documents. Please let me know immediately whether you intend to provide any responses or documents to us today. We will not go forward with Thursday's deposition if we fail to receive these materials from you. I can be reached at (404) 881-4747 or via email at joann.johnston@alston.com.

Thank you for your prompt attention to this matter.

*Joann*

Joann E. Johnston
Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, GA 30309
Direct: (404) 881-4747
Fax: (404) 253-8187
joann.johnston@alston.com

1

# **EXHIBIT 3**

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax:404-881-7777
www.alston.com

Candace N. Smith                    Direct Dial: 404-881-7487                    E-mail: candace.smith@alston.com

November 23, 2009

<u>VIA EMAIL AND FIRST CLASS MAIL</u>

Judy Harper
2982 Duke of Windsor
East Point, Georgia 30344

Re:    *Harper v. EquiFirst Corp. et al*, U.S. District Court for the Northern
District of Georgia, Case No. 1:08-CV-3905

Dear Ms. Harper:

This letter is in regard to your virtual failure to respond to Defendants EquiFirst Corporation and EFC Holding Company's First Set of Interrogatories, Requests for Production, and Requests for Admission, which were served upon you via hand delivery on October 13, 2009.

As stated in the cover letter accompanying those discovery requests and a subsequent letter from this law firm dated November 10, 2009, the Federal Rules of Civil Procedure require a party to answer those requests and provide the responsive documents within thirty (30) days of service. As you are aware, the deadline for you to have provided your responses and documents to us was November 12, 2009.

On November 11, 2009, in response to her reminding you of your discovery obligations, you spoke with Joann Johnston of my office and told her that you were collecting your responsive documents and working on your discovery responses and that both would be timely forthcoming. Despite this, we failed to receive timely responses to the above-described discovery.

On November 16th, Ms. Johnston contacted you concerning the status of the discovery responses. You then told Ms. Johnston that you would provide your responses that day. We received your "responses" to the First Set of Interrogatories, the Requests for Production and Requests for Admission at 4:45 p.m. on Monday.

Despite your promise to provide actual discovery responses, virtually every response to the First Set of Interrogatories and the Requests for Production is an objection

Judy Harper
November 23, 2009
Page 2

of some sort or an utter refusal to provide the requested information. Even without getting into the details of each individual issue, your discovery responses are improper.

First, as you know, you failed to timely respond to EquiFirst Corporation and EFC Holding Company's Requests for Admission. Further, you neither requested, nor received, any extension of time to respond to the same. Consequently, and regardless of your untimely answers, ***each and every one of those Requests is deemed admitted by you.*** *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

Even if you were not barred from denying any of the Requests for Admission, the responses to the same were not made in good faith. By way of example, and not limitation, I refer you to your response to Requests No. 11-14. Those Requests ask that you admit that exhibits to your Complaint are true and correct copies of the documents you signed at closing. In response, you claim that you are not "qualified" to make that determination. You provide a similar response to the question of whether you received signed copies of Exhibits A through I to your Complaint at closing. Your answers simply are not responsive to the questions.

Further, you failed to timely respond to the First Set of Interrogatories, and you received no extension of time to answer the same. Federal Rules of Civil Procedure hold: "The grounds for objecting to an interrogatory must be stated with specificity. ***Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.***" Fed. R. Civ. P. 33(b)(4) (emphasis added). As a matter of law, you are precluded from lodging any objections to the First Set of Interrogatories, as ***"failure to answer or object in a timely manner constitutes a waiver of the right to object."*** *Cahela v. James D. Bernard, D.O., P.C.*, 155 F.R.D. 221 (N.D. Ga. 1994) (emphasis added) (internal citations omitted). Since your objections were untimely, and you have not been excused from responding by the Court, your objections are time barred.

Even if your objections to the First Set of Interrogatories were timely – which they were not – they simply were not proper. Except to say that you have no expert at this time, you provide no substantive answers to *any* of the questions, despite the fact that each and every question asks for information about your allegations concerning the lawsuit, the facts to support your claims, and the individuals with knowledge about the same. Again, by way of example and not limitation, I refer you to a few examples of this issue.

Interrogatory No. 2 asks that you identify each and every "Person known to you who has or may have knowledge of any of the facts, occurrences, circumstances, or events pertaining to this litigation, including your Amended Complaint and, for each Person named, identify his or her knowledge." In response to the aforementioned, you state the following:

Judy Harper
November 23, 2009
Page 3

Plaintiff objects to this interrogatory on the grounds that said interrogatory is overly broad and vague, requiring Plaintiff to speculate at its peril as to the nature of the interrogatory, and seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

There is nothing in that interrogatory that is overly broad, vague or would cause you to speculate. Moreover, contrary to your contention, the interrogatory seeks information directly relevant to this litigation as it asks that you identify people with knowledge and what that knowledge is. Your objection is wholly lacking in merit.

Emblematic of your willful failure to comply with your discovery responses is your answer to Interrogatory No. 5. In that Interrogatory, you were asked to "State each and every fact upon which you base your allegation in the Amended Complaint's Factual Allegations that you were not 'given two notices of Right to Cancel.'" In response you said:

Objection. This interrogatory is vague and ambiguous, requiring Plaintiff to speculate at its peril as to the nature of the inquiry, and therefore Plaintiff cannot properly respond. Said interrogatory seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation.

Contrary to the contention in your answer, Interrogatory No. 5 could not be more straightforward. In it you are asked to provide facts to support your allegations. Revealing of the witnesses, facts and claims that are at issue in a lawsuit is the whole purpose of discovery, and Interrogatory No. 5, and all of the other individually numbered interrogatories ask you to disclose such pertinent information. These items need to be produced.

Your responses to the Requests for Production are equally deficient. In virtually each case, you either indicate either that you will not provide documents prior to a deposition or leave of Court or that you are objecting to production of documents. In short, there is not a single response in which you indicate that documents are forthcoming. These responses are evasive and incomplete, if not a willful failure to comply with your discovery obligations.

Contrary to your claims, we are entitled to your responsive documents now, not after a deposition. In fact, our having your documents is critical to our preparing for and asking questions to you in your deposition. Moreover, there is no reason that these documents should be reviewed by or in front of the Court.

Rule 37 of the Federal Rules of Civil Procedure holds that when discovery responses are as woefully deficient as yours, that deficiency is tantamount to no responses at all. We understand that you are not familiar with the discovery rules.

Judy Harper
November 23, 2009
Page 4

However, inexperience and unfamiliarity with the Federal Rules of Civil Procedure is not acceptable justification for failure to provide adequate discovery responses.

On Thursday of last week, when Ms. Johnston spoke with you about the conference with the Court and our problems with your discovery responses, you told her that you would review your responses. However, to date, you have not indicated that you would be amending your written responses or producing responsive documents. Thus, your discovery responses remain inadequate and noncompliant with applicable law.

We ask that you provide your full and complete responses to the First Set of Interrogatories and Requests for Production, along with access to your responsive documents no later than November 30, 2009. Your long overdue responses to the Initial Disclosures also should be provided at that time. We further remind you that we will be discussing these issues with the Court and will ask the Court to allow us to file a motion to compel and/or for sanctions against you in the event that we do not get complete and proper responses to the outstanding discovery.

I am out of the office, but please contact Joann Johnston at 404-881-4747 or joann.johnston@alston.com if you would like to discuss these matters further.

Sincerely,

Candace N. Smith

cc:    Joann Johnston, Esq.
       Anitra Royster, Esq.

LEGAL02/31627866v2

# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUDY HARPER,

      Plaintiff,

    vs.

EQUIFIRST CORPORATION, EFC
HOLDINGS, RTL FINANCIAL, HOMEQ
SERVICING, and SELENE FINANCE, LP,

      Defendants.

Civil Action No. 1:08-CV-3905-JEC-
CCH

## PLAINTIFF'S RESPONSE TO DEFENDANTS EQUIFIRST CORPORATION AND EFC HOLDING COMPANY'S FIRST SET OF INTERROGATORIES

**Response to Interrogatory 1:**  Plaintiff objects to interrogatory on the grounds that said interrogatory is overly broad and vague, requiring Plaintiff to speculate at its peril as to the nature of the interrogatory, and seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff is proceeding *pro se*, and is solely responsible for the direction of her litigation.

**Response to Interrogatory 2:**  Plaintiff objects to this interrogatory on the grounds that said interrogatory is overly broad and vague, requiring Plaintiff to speculate at its peril as to the nature of the interrogatory, and seeks information that is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

**Response to Interrogatory 3:**  Plaintiff objects to this interrogatory on the grounds that said interrogatory is overly broad and vague. Plaintiff is unable to ascertain what Defendants seek through this interrogatory.

**Response to Interrogatory4:**   Objection.  This interrogatory is vague and ambiguous, requiring Plaintiff to speculate at its peril as to the nature of the inquiry, and therefore Plaintiff cannot properly respond.  Said interrogatory seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation.

**Response to Interrogatory 5:**   Objection.  This interrogatory is vague and ambiguous, requiring Plaintiff to speculate at its peril as to the nature of the inquiry, and therefore Plaintiff cannot properly respond.  Said interrogatory seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation.

**Response to Interrogatory 6:**   Objection.  This interrogatory is vague and ambiguous, requiring Plaintiff to speculate at its peril as to the nature of the inquiry, and therefore Plaintiff cannot properly respond.  Said interrogatory seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation.

**Response to Interrogatory 7:**   Plaintiff objects to this interrogatory on the grounds that said interrogatory is overly broad and vague. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff is unable to ascertain what Defendants seek. Said interrogatory seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation.

**Response to Interrogatory 8:**   Plaintiff objects to this interrogatory on the grounds that said interrogatory is overly broad and vague. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff is unable to ascertain what Defendants seek. Said interrogatory seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation.

**Response to Interrogatory 9:**   Plaintiff objects to this interrogatory on the grounds that said interrogatory is overly broad and vague. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff is unable to ascertain what Defendants seek. Said interrogatory seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation. Plaintiff further responds that Plaintiff did not receive written disclosures from Defendant EquiFirst.

**Response to Interrogatory 10: Objection.** Plaintiff objects to this interrogatory on the grounds that said interrogatory is overly broad and vague. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff is unable to ascertain what Defendants seek. Said interrogatory seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation.

**Response to Interrogatory 11:** Plaintiff objects to this interrogatory on the grounds that said interrogatory is overly broad and vague. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff is unable to ascertain what Defendants seek. Said interrogatory seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation.

**Response to Interrogatory 12:** Plaintiff objects to this interrogatory on the grounds that said interrogatory is overly broad and vague. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff is unable to ascertain what Defendants seek. Said interrogatory seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation.

**Response to Interrogatory 13:** Plaintiff objects to this interrogatory on the grounds that said interrogatory is overly broad and vague. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff is unable to ascertain what Defendants seek. Said interrogatory seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation.

**Response to Interrogatory 14:** Plaintiff denies that she plans to call any expert witnesses at this time. Plaintiff reserves the right to do so at a later time.

**Response to Interrogatory 15:** Objection. Plaintiff objects to this interrogatory on the grounds that said interrogatory is overly broad and vague, requiring Plaintiff to speculate at its peril as to the nature of the interrogatory. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, and Plaintiff is unable to ascertain what Defendants seek. Said interrogatory seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation.

Judy Harper
**Plaintiff**
   2982 Duke of Windsor
East Point, Georgia 30344

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUDY HARPER,

     Plaintiff,

     vs.

EQUIFIRST CORPORATION, EFC
HOLDINGS, RTL FINANCIAL, HOMEQ
SERVICING, and SELENE FINANCE, LP,

     Defendants.

Civil Action No. 1:08-CV-3905-JEC-
CCH

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that she has served a copy of the foregoing **Plaintiff's Response to Defendants Equifirst Corporation and EFC Holding Company's First Set of Interrogatories to Plaintiff** by ~~mailing~~ them to Defendants at the following address: *By Delivering*

Joann. E. Johnston
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309

*Judy Harper*

Judy Harper
Plaintiff
2982 Duke of Windsor
East Point, Georgia 30344

# **<u>EXHIBIT C</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUDY HARPER,

        Plaintiff,

vs.

EQUIFIRST CORPORATION, EFC
HOLDINGS, RTL FINANCIAL, HOMEQ
SERVICING, and SELENE FINANCE, LP,

        Defendants.

Civil Action No. 1:08-CV-3905-JEC-
CCH

## PLAINTIFF'S RESPONSE TO DEFENDANTS EQUIFIRST CORPORATION AND EFC HOLDING COMPANY'S FIRST SET OF REQUESTS FOR ADMISSIONS

1.     Admit that you are the current owner of the Subject Property.

**Response:**  Plaintiff Admits.

    2.     Admit that RTL Financial, Inc. ("RTL Financial") was the mortgage broker for the Subject Loan.

**Response:**  Plaintiff Admits.

    3.     Admit that you submitted an application for a refinancing loan for the Subject Property to RTL Financial on or about April 2, 2007.

**Response:**  Plaintiff Admits.

4.    Admit that the closing for the Subject Loan took place on July 6, 2007.

**Response:**    Plaintiff Admits.

5.    Admit that Exhibit A is a true and correct copy of the Security Deed signed by you at the closing for the Subject Loan on July 6, 2007.

**Response:**    Plaintiff does not have sufficient information to Admit or Deny.

6.    Admit that Exhibit B is a true and correct copy of the Adjustable Rate Note and Adjustable Rate Rider signed by you at the closing for the Subject Loan on July 6, 2007.

**Response:**    Plaintiff does not have sufficient information to Admit or Deny.

7.    Admit that Exhibit C is the Waiver of Borrower's Rights signed by you at the closing for the Subject Loan on July 6, 2007.

**Response:**    Plaintiff is not qualified to make this determination.

8.    Admit that Exhibit D is a true and correct copy of the Truth-In-Lending Disclosure Statement signed by you at the closing for the Subject Loan on July 6, 2007.

**Response:**    Plaintiff is not qualified to make this determination.

9.    Admit that Exhibit E is a true and correct copy of the Uniform Residential Loan Application signed by you at the closing for the Subject Loan on July 6, 2007.

**Response:**    Plaintiff is not qualified to make this determination.

10.    Admit that the representations about your personal finances in the Uniform Residential Loan Application were true and accurate as of July 6, 2007.

**Response:**    Plaintiff does not have sufficient information to Admit or Deny.

11.    Admit that Exhibit F is a true and correct copy of the HUD-1 Settlement Statement signed by you at the closing for the Subject Loan on July 6, 2007.

**Response:**    Plaintiff is not qualified to make this determination.

12.    Admit that Exhibit G is a true and correct copy of the Notice of Right to Cancel signed by you at the closing for the Subject Loan on July 6, 2007.

**Response:**    Plaintiff is not qualified to make this determination.

13.    Admit that Exhibit H is a true and correct copy of the Borrower Certifications signed by you at the closing for the Subject Loan on July 6, 2007.

**Response:**    Plaintiff is not qualified to make this determination.

14.    Admit that Exhibit I is a true and correct copy of the Variable Rate Mortgage Program Disclosure signed by you at the closing for the Subject Loan on July 6, 2007.

**Response:**    Plaintiff is not qualified to make this determination.

15.    Admit that you received signed copies of Exhibits A through I at the time of the closing for the Subject Loan on July 6, 2007.

**Response:**    Plaintiff is not qualified to make this determination.

16.    Admit that Exhibit J is a true and correct copy of the Good Faith Estimate signed by you in association with your application for the Subject Loan on April 2, 2007.

**Response:**    Plaintiff does not have sufficient information to admit or deny.

17.    Admit that Exhibit K is a true and correct copy of the Mortgage Brokerage Business Contract signed by you in association with your application for the Subject Loan on April 2, 2007.

**Response:**    Plaintiff does not have sufficient information to admit or deny.

18.    Admit that you did not contact EquiFirst to cancel the transaction for the Subject Loan on or before July 10, 2007.

**Response:**    Denied.

19.    Admit that you provided true and accurate financial information to RTL Financial in association with the Subject Loan.

**Response:**    Admit.

20.    Admit that you provided true and accurate financial information to EquiFirst in association with the Subject Loan.

**Response:**    Denied. Plaintiff provided information to the broker, and never provided financial information to Defendant Equifirst.

21.    Admit that as of July 6, 2007, the Subject Property had a fair market value of $300,000.

**Response:**    . Plaintiff is not qualified to make such a determination.

22.    Admit that EquiFirst did not perform the appraisal of the Subject Property in connection with the Subject Loan.

**Response:**  Plaintiff does know what Equifirst did or did not do.

23.    Admit that EquiFirst had no role in choosing D.S. Murphy & Associates as the appraiser of the Subject Property in connection with the Subject Loan.

**Response:**  Denied.

24.    Admit that at some time after July 6, 2007, EquiFirst sold the Subject Loan to Selene Finance LLC.

**Response:**  Plaintiff has no knowledge of whether a valid sale was completed or when

25.    Admit that EquiFirst has never been the mortgage servicer of the Subject Loan.

**Response:**  Plaintiff is not qualified to make such a determination.

26.    Admit that as of the filing of the Complaint on December 29, 2008, you were in default on the Subject Loan for nonpayment.

**Response:**  Denied.  Plaintiff will be filing an amended complaint based on new information regarding conspiracy between lender and any and all servicers.

27.    Admit that you are not seeking recovery against EquiFirst for misrepresentation, which is the Second Cause of Action in the Amended Complaint.

**Response:**  Denied.  Plaintiff will be filing an amended complaint based on new information regarding conspiracy between lender and any and all servicers.

28.    Admit that you are not seeking recovery against EquiFirst for breach of fiduciary duty, which is the Third Cause of Action in the Amended Complaint.

**Response:**   Denied.  Plaintiff will be filing an amended complaint based on new information regarding conspiracy between lender and any and all servicers.

29.    Admit that you are not seeking recovery against EquiFirst for unjust enrichment and violation of the Georgia Fair Business Practice Act, which is the Fourth Cause of Action in the Amended Complaint.

**Response:**   Denied.  Plaintiff will be filing an amended complaint based on new information regarding conspiracy between lender and any and all servicers.

30.    Admit that you are not seeking recovery against EquiFirst for lack of good faith, which is the Fifth Cause of Action in the Amended Complaint.

**Response:**   Denied.  Plaintiff will be filing an amended complaint based on new information regarding conspiracy between lender and any and all servicers.

Judy Harper
Plaintiff
2982 Duke of Windsor
East Point, Georgia 30344

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUDY HARPER,

     Plaintiff,

  vs.

                              Civil Action No. 1:08-CV-3905-JEC-CCH

EQUIFIRST CORPORATION, EFC
HOLDINGS, RTL FINANCIAL, HOMEQ
SERVICING, and SELENE FINANCE, LP,

     Defendants.

## CERTIFICATE OF SERVICE

    The undersigned does hereby certify that she has served a copy of the foregoing **Plaintiff's Response to Defendants Equifirst Corporation and EFC Holding Company's First Set of Request for Admissions** by ~~mailing~~ them to *Delivering* Defendants at the following address:

Joann. E. Johnston
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309

*Judy Harper*
Judy Harper
Plaintiff
2982 Duke of Windsor
East Point, Georgia 30344

# **EXHIBIT D**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUDY HARPER,

      Plaintiff,

      vs.

EQUIFIRST CORPORATION, EFC
HOLDINGS, RTL FINANCIAL, HOMEQ
SERVICING, and SELENE FINANCE, LP,

      Defendants.

Civil Action No. 1:08-CV-3905-JEC-
CCH

## PLAINTIFF'S RESPONSE TO DEFENDANTS EQUIFIRST CORPORATION AND EFC HOLDING COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Response to Request 1:   Objection. This request is vague and ambiguous. Plaintiff is unable to ascertain what Defendant seeks and this request is not reasonably calculated to lead to the discovery of admissible evidence.  This request seeks information that is irrelevant and/or immaterial to the instant action.

Response to Request 2:   Objection.  This request is vague and ambiguous, requiring Plaintiff to speculate at its peril as to the nature of the inquiry, and therefore Plaintiff cannot properly respond.  Said request seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation.

Response to Request 3:   Objection.  This request is vague and ambiguous. Plaintiff is unable to ascertain what Defendant seeks and this request is not reasonably calculated to lead to the discovery of admissible evidence.  This request seeks information that is irrelevant and/or immaterial/counterproductive to the instant action.

Response to Request 4:   Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.

Response to Request 5:   Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.

Response to Request 6:   Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.

Response to Request 7:   Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.

Response to Request 8:

(a) Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.
(b) Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.
(c) Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.
(d) Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.
(e) Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.
(f) Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.

Response to Request 9:   Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.

Response to Request 10: Objection.  This request is vague and ambiguous, requiring Plaintiff to speculate at its peril as to the nature of the inquiry, and therefore Plaintiff cannot properly respond.  Said request seeks the disclosure of the mental impressions, conclusions, opinions or legal theories of Plaintiff concerning this litigation.

Response to Request 11:  Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.

Response to Request 12:  Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.

Response to Request 13:  Objection. This request is vague and ambiguous, requiring Plaintiff to speculate at its peril as to the nature of the inquiry, and therefore Plaintiff cannot properly respond.  This request is not reasonably calculated to lead to the discovery of admissible evidence.  This request seeks information that is irrelevant and/or immaterial to the instant action.

Response to Request 14: Plaintiff will produce the requested documents to the extent they exist at any meeting in court or in chambers, if a deposition cannot be held.

Response to Request 15:  No such documents exist and Plaintiff is therefore unable to fulfill this request.

Judy Harper
Plaintiff
2982 Duke of Windsor
East Point, Georgia 30344

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUDY HARPER,

      Plaintiff,

vs.

EQUIFIRST CORPORATION, EFC
HOLDINGS, RTL FINANCIAL, HOMEQ
SERVICING, and SELENE FINANCE, LP,

      Defendants.

Civil Action No. 1:08-CV-3905-JEC-
CCH

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that she has served a copy of the foregoing **Plaintiff's Response to Defendants Equifirst Corporation and EFC Holding Company's First Set of Requests for Production of Documents to Plaintiff** by ~~mailing~~ *Delivering* them to Defendants at the following address:

Joann. E. Johnston
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309

Judy Harper
Plaintiff
2982 Duke of Windsor
East Point, Georgia 30344